IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELA FORD, et al.

    v.                           :     Civil Action No. DKC 11-3039

UNITED STATES OF AMERICA

**MEMORANDUM OPINION AND ORDER**

Discovery in this case is scheduled to be completed by August 5, 2013. Two disputes arose near the end of the discovery period, prompting the filing of (1) a motion for a protective order by Defendants Matthew Christianson, M.D., Emergency Medicine Associates, P.A., and Calvert Memorial Hospital (ECF No. 58), and (2) a motion to compel production of documents by the government (ECF No. 60). For the reasons that follow, both motions will be denied.

In the motion for protective order, Defendants seek authorization to communicate with Plaintiffs' health care providers outside the presence of, and without notice to, Plaintiffs' counsel. Judge Gallagher recently denied a similar motion in *Piehl v. Saheta*, Civ. No. CCB-13-254, 2013 WL 2470128, at *2 (D.Md. June 5, 2013), finding, *inter alia*, that "HIPAA's restrictions on *ex parte* communications do not create as uneven a playing field as [the defendant] contends, as, under HIPAA,

defendants can still have access to information through formal discovery requests" and it "does not actually limit a defendant's ability to obtain protected information because formal discovery is still readily available." Moreover, there are "significant public policy reasons for keeping a plaintiff's sensitive medical information restricted," which HIPAA protects by allowing disclosure of only "expressly authorized, limited, and specifically identified protected health information," rather than unlimited communications. *Piehl*, 2013 WL 2470128, at *2.

Defendants' motion will be denied for essentially the same reasons. Discovery is nearly complete in this case; some of the health care providers have already been deposed; and the deadline for designating experts has passed. No showing has been made as to why the information Defendants would seek from Plaintiffs' health care providers may not be obtained through the ordinary course of discovery.

The government seeks an order compelling Plaintiffs to produce "any documents[,] postings, pictures, messages[,] or entries of any kind on social media within the covered period relating to [c]laims by Plaintiffs or their [e]xperts." (ECF No. 60-5, at 5). The covered period is defined as September 27, 2009, to the present, and "social media" extends to "the various online technology tools that enable people to communicate easily

via the internet to share information and resources," including

"locations like Facebook, Twitter, Linkedin, MySpace, YouTube,

etc." (*Id.* at 4). "Claims by Plaintiffs and their [e]xperts"

is defined as:

> [A]ny factual allegation made by Plaintiff,
> Plaintiff's husband[,] or any hired or
> treating expert in either their report or
> deposition. These include, but are not
> limited to: a lack of fluency; inability to
> initiate conversation; headaches; seizures;
> general malaise; pain; memory loss; loss of
> ability to work; loss of ability to continue
> education; inability to express thoughts or
> feelings; inability to name or label
> pictorial items; general inability to
> communicate; difficulty with semantic
> expression or usage; difficulty describing
> events in the past; inability to organize
> thoughts; inability to do more than one task
> [at] a time; depression; marital discord or
> relationships; inability to do activities
> outside of the house; inability to do
> activities with kids; inability to go
> places; inability to interact with friends
> or family.

(*Id.*).

Plaintiffs have objected on the ground that the request is

invasive, overbroad, and not calculated to lead to the discovery

of admissible information, citing *Tompkins v. Detroit

Metropolitan Airport*, 278 F.R.D. 387 (E.D.Mich. 2012). In that

case, the court denied a motion to compel the production of the

plaintiff's "entire Facebook account, including those sections

she ha[d] designated as private[.]" *Tompkins*, 278 F.R.D. at

388. Other courts have approved an approach requiring

plaintiffs to produce information from postings on social networking sites in response to more narrowly tailored requests, such as those relating to events alleged in the complaint. *See Giacchetto v. Patchogue-Medford Union Free School Dist.*, --- F.R.D. ----, 2013 WL 2897054, at *4 (E.D.N.Y. 2013).

As the government points out, other, more pointed, document requests have already been propounded and Plaintiffs are obligated to produce material that is responsive to those requests, including postings on the Internet. Moreover, despite its argument to the contrary, the government's present request is not narrowly tailored. It does not describe the categories of material sought; rather, it relies on Plaintiffs to determine what might be relevant. Thus, it is overbroad and vague.

Accordingly, it is this 25th day of July, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants' motion for protective order (ECF No. 58) and to compel production of documents (ECF No. 60) BE, and the same hereby ARE, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.


          _____/s/_____
          DEBORAH K. CHASANOW
          United States District Judge